UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ZARHA SANDY,

>                    *Plaintiff,*

– against –

TARGET CORPORATION,

>                    *Defendant.*

---

**MEMORANDUM & ORDER**
22-cv-04804 (NCM) (PK)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Zarha Sandy brought this personal injury action against defendant Target Corporation in the Supreme Court of Kings County, New York for alleged negligence stemming from a slip and fall accident. Compl., ECF No. 1-1. Target removed the case to this Court pursuant to the Court's diversity jurisdiction. *See generally* Not. of Removal, ECF No. 1. Before the Court is defendant's motion for summary judgment. *See* Mot.[1] For the reasons stated below, defendant's motion is **DENIED**.

---

[1]     Hereinafter, the Court refers to defendant's Memorandum of Law in Support of Summary Judgment, ECF No. 63, as the "Motion"; plaintiff's Memorandum of Law in Opposition of Defendant's Motion for Summary Judgment, ECF No. 64, as the "Opposition"; defendant's Memorandum of Law in Reply and Further Support, ECF No. 65, as the "Reply"; Defendant's 56.1 Statement, ECF No. 43-9, as "Def.'s 56.1"; Plaintiff's Response to Defendant's Local Rule 56.1 Statement and Statement of Additional Facts, ECF No. 45, as "56.1 Resp."; and Defendant's Reply to Plaintiff's Rule 56.1 Opposition Statement Responses and Defendant's Responses to Plaintiff's Statement of Additional Facts, ECF No. 47, as "56.1 Reply".

1

## BACKGROUND[2]

On the evening of June 27, 2021, plaintiff Zarha Sandy arrived at a Target store located in Brooklyn, New York. *See* 56.1 Resp. ¶ 1.[3] At approximately 9:50 p.m., plaintiff was walking down the main aisle of the store and towards guest services, the area where items are exchanged and returned. 56.1 Resp. ¶¶ 6, 9; *see* Levine Decl. Ex. C ("Guest Incident Report") at 2, ECF No. 43-4. The area was well lit, and plaintiff did not have any difficulty seeing where she was walking. 56.1 Resp. ¶ 7. At 9:50:21 p.m., plaintiff slipped and fell. 56.1 Resp. ¶ 32. Plaintiff did not see the substance she slipped on before she fell. 56.1 Resp. ¶ 15. After her fall, plaintiff learned the condition she slipped on was a spill of baby food and broken glass. 56.1 Resp. ¶ 13.

The spill was created by a customer who, while in the main checkout aisle and waiting to get to the cash register, dropped a glass jar of baby food approximately 13 minutes prior to plaintiff's accident. 56.1 Resp. ¶ 33; Reply 6. The spill was located on the floor of the main checkout aisle between the boys' department and the maternity department. 56.1 Reply ¶ 51, ECF No. 47. During the intervening 13 minutes, between the spill and plaintiff's accident, other customers walked through and around the spill. 56.1

---

[2]    The following material facts, drawn from the parties' Local Civil Rule 56.1 Statements and evidentiary submissions, are undisputed unless otherwise noted.

[3]    Plaintiff's Local Rule 56.1 Response omits defendant's paragraphs 1 and 2, and labels as 1 defendant's paragraph 3, and thus the numbering of plaintiff's paragraphs do not align with defendant's 56.1 statement. Pursuant to Local Rule 56.1(b), the party opposing summary judgment must admit, deny, or otherwise respond to the moving party's statement of facts. Local R. 56.1(b). If a statement of material fact is not specifically denied or controverted, it will be deemed admitted. Local R. 56.1(c). Here, because plaintiff does not specifically deny or controvert paragraphs 1 and 2 of defendant's 56.1 statement, these paragraphs are deemed admitted.

Reply ¶ 18;[4] *see* 56.1 Resp. ¶ 16. Plaintiff is unaware of any complaints made to Target employees about the presence of the spill before the accident. 56.1 Resp. ¶ 25.

Target employees are trained to look for dangerous conditions. 56.1 Reply ¶ 46. Target has a policy with respect to spills whereby if a store employee observes a spill, the employee is required to guard the spill, call for assistance, get the resources necessary to clean the spill, and ensure the spill is cleaned. 56.1 Resp. ¶¶ 39–40. Each of the store's employees is responsible for immediately addressing any spill which they observe in the store. 56.1 Resp. ¶ 40.

Ashanti Ralph, Senior Executive Team Leader, and Carrie Ng, Executive Team Leader, were working in the Target store at the time of plaintiff's accident. Ralph and Ng received a walkie-talkie call concerning the accident and walked to the front of the store to provide assistance. 56.1 Resp. ¶¶ 38, 41; Levine Decl. Ex. E ("Ralph Dep. Tr.") 08:07–09:06, 16:20–17:23, ECF No. 43-6. Ng completed a "Guest Incident Report" and "LOD Investigation Report" in connection with the accident. 56.1 Resp. ¶ 42.

---

[4]     Plaintiff's Local Rule 56.1 Response also includes argument and a statement of additional facts. *See generally* 56.1 Resp. ¶¶ 45–58. Additionally, defendant submitted a 56.1 Reply statement with responses to plaintiff's statement of additional facts. Both sides engaged in Rule 56.1 practice not specifically authorized by the Local Rules. Plaintiff's statement of additional facts improperly includes argument. *See Sattar v. U.S. Dep't of Homeland Sec.*, 669 F. App'x 1, 3 (2d Cir. 2016) ("Rule 56.1 statements are statements of fact rather than legal arguments."). The Local Rules also do not provide for a reply in further support of a Rule 56.1 statement that defendant has filed here. *See Capital Records, LLC v. Vimeo, LLC*, 2018 WL 4659475, at *1 (S.D.N.Y. Sept. 7, 2018). But, the Local Rules also do not prohibit a reply statement of facts. *See Adams v. Bloomberg L.P.*, No. 20-cv-07724, 2023 WL 2662607, at *1 (S.D.N.Y. Mar. 28, 2023). While the Court will not consider plaintiff's arguments in her statement of facts, the Court will consider plaintiff's statement of additional facts and defendant's reply to the additional facts. *See Pape v. Dircksen & Talleyrand Inc.*, No. 16-cv-05377, 2019 WL 1435882, at *3 (E.D.N.Y. Feb. 1, 2019) (rejecting the defendant's "Reply Rule 56.1 Statement, except to the extent it responded to the new facts in [the] [p]laintiffs' Counter Statement of Facts"), *report and recommendation adopted*, 2019 WL 1441125 (E.D.N.Y. Mar. 31, 2019).

On February 1, 2022, plaintiff sued defendant for personal injuries in Supreme Court, Kings County. *See generally* Compl. On August 16, 2022, defendant removed the action to this Court. Not. of Removal. Following the close of discovery, defendant filed the instant motion for summary judgment. *See generally* Mot.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021).[5] Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).

On review of a Rule 56 motion, the Court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Brandon v. Royce*, 102 F.4th 47, 54 (2d Cir. 2024)). The movant "bears the initial burden of showing that there is no genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). Where the moving party meets their burden, the non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of evidence." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012). The court need only consider admissible evidence and is not obligated to conduct an independent review of the record to identify a factual dispute. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021).

---

[5]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

A district court's role is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022). Furthermore, "a district court may not make credibility determinations, or weigh evidence" on summary judgment. *Reynolds v. Quiros*, 990 F.3d 286, 294 (2d Cir. 2021). Thus, a district court denies summary judgment where there are disputed facts "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Davis-Garett v. Urb. Outfitters*, Inc., 921 F.3d 30, 45 (2d Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

## DISCUSSION

In diversity actions arising out of events that occurred in New York, federal procedural law governs the standard for deciding the motion and New York substantive law governs plaintiff's cause of action. *Contreras v. Wal-Mart Stores E., LP*, No. 18-cv-03589, 2019 WL 7599888, at *3 (E.D.N.Y. Nov. 12, 2019) (citing *Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017)).

Defendant moves for summary judgment on plaintiff's only claim—negligence. "To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank*, N.A., 459 F.3d 273, 286 (2d Cir. 2006). To demonstrate breach in a slip and fall case, "plaintiff must establish that defendant created the condition that caused the fall, or that the defendant had actual or constructive notice of the condition that caused the fall." *Contreras*, 2019 WL 7599888, at *3; *see Rivera v. Target Dept. Store, Inc.*, No. 15-cv-07846, 2017 WL 2709745, at *4 (S.D.N.Y. June 22, 2017) (explaining that a defendant's motion for summary judgment in

a slip and fall case "will ordinarily be granted unless [a] plaintiff offers evidence sufficient to create a genuine issue of fact that [a] defendant had actual or constructive notice of the allegedly dangerous condition").

Under the summary judgment standard, defendant "may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of [p]laintiff's claim." *Taylor v. Manheim Mktg Inc.*, No. 15-cv-01950, 2018 WL 611628, at *3 (E.D.N.Y. Jan. 29, 2018); *see also Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order) ("[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."). Once the moving party has met its burden, the non-moving party may demonstrate that there is a genuine issue for trial by identifying specific facts and affirmative evidence that contradicts those offered by the moving party. *Mahoney v. Whole Foods Mkt. Grp., Inc.*, No. 21-cv-04127, 2025 WL 486655, at *4 (E.D.N.Y. Feb. 12, 2025) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Accordingly, "defendant is not required to put forth affirmative evidence of its lack of actual or constructive knowledge; rather it must just show that plaintiff is unable to prove at trial that defendant had such knowledge." *Strass v. Costco Wholesale Corp.*, 14-cv-06924, 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016).

Here, the parties' arguments focus on the breach element for establishing a prima facie case of negligence. The parties agree that defendant did not create the spill. 56.1 Resp. ¶ 33. Therefore, the central dispute is whether defendant had actual or constructive notice of the condition that caused plaintiff's accident. Defendant argues plaintiff is unable to discharge her burden that defendant had actual or constructive notice of the

6

spill, and that the evidence demonstrates that Target did not possess notice. Mot. 15–28.[6] Plaintiff argues that there is a genuine issue of fact as to whether defendant had actual and constructive notice of the spill. Opp'n 16–20.

## I.    Actual Notice

"Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition." *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x. 10, 12 (2d Cir. 2015) (summary order). Defendant argues plaintiff cannot demonstrate that defendant had actual notice, meaning that it was aware of the spill. Mot. 23–28. Plaintiff contends that because defendant is unable to show a lack of actual notice, it remains a triable issue of fact whether defendant was on notice. Opp'n 20. However, it is plaintiff that bears the burden of coming forward with specific facts showing there is a genuine issue that defendant had actual notice. Even viewing the evidence in the light most favorable to plaintiff, the Court finds she has failed to meet her burden.

Plaintiff is unaware of any complaints made to Target employees about the spill, or that store employees were otherwise alerted to the existence of the spill. 56.1 Resp. ¶ 25. *See Mahoney*, 2025 WL 486655, at *6 ("Plaintiff offers no evidence that [d]efendant or its employees were aware that the floor was wet in the area where she fell prior to [the] accident, and does not point to any evidence that [d]efendant was aware of a slip hazard[.]"). For example, plaintiff does not point to any announcements in the store requesting a cleanup of a spill, 56.1 Resp. ¶ 30, or that there was a wet floor or caution sign near the spill that demonstrated defendant's awareness. 56.1 Resp. ¶ 31. Further,

---

[6]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Ralph, a Target employee and Senior Executive Team Leader working at the time of the accident, testified that she was made aware of the spill after plaintiff's fall. 56.1 Resp. ¶ 41; Ralph Dep. Tr. 16:10–17:16. Ng testified that she too became aware of the condition that caused plaintiff's fall after the accident. 56.1 Resp. ¶ 41.

To attempt to overcome the absence of evidence, plaintiff points to defendant's "fail[ure] to establish lack of actual notice." Opp'n 20. Plaintiff's argument fails for two reasons. *First,* plaintiff's argument erroneously shifts the burden. On a defendant's motion for summary judgment, its burden is to show the absence of evidence on an essential element of plaintiff's claim, "not to make [the] prima facie showing, . . . required under New York [procedural] law." *Caicedo v. Home Depot U.S.A., Inc.*, No. 21-cv-02219, 2026 WL 25367, at *6 (E.D.N.Y. Jan. 5, 2026). Here, plaintiff improperly "relies on the absence of evidence to assert that [d]efendant cannot claim a lack of [actual] notice" and fails to "come forward with specific facts showing that there is a genuine issue . . . that [d]efendant had actual notice of the alleged dangerous condition." *Id.*

*Second*, plaintiff's argument is conclusory. Plaintiff contends that "the video footage does not clearly show the entire aisle and/or adjoining areas," therefore it is entirely possible that an employee "may have passed by but not within the camera's view." Opp'n 20. Plaintiff further claims that the camera footage shows only part of the store and employees could have been nearby but out of the camera frame. Opp'n 20. At the summary judgment stage, the "non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998) (collecting cases); *see Henry v. Target Corp.*, 16-cv-08416, 2018 WL 3559084, at *4 (S.D.N.Y. July 24, 2018) (finding no triable issues concerning actual notice where plaintiff failed "(1) to identify a[n] . . . employee

who had knowledge of the floor's condition before her fall, or (2) to offer circumstantial evidence that would allow a reasonable jury to infer that an employee had actual notice"). Here, plaintiff points to no "hard evidence" in the record tending to show defendant had knowledge of the broken glass jar of baby food where she fell prior to her accident, nor does plaintiff point any evidence that defendant was aware of the hazard prior to her accident. *D'Amico,* 132 F.3d at 149. Accordingly, plaintiff fails to raise a genuine issue of material fact as to whether defendant had actual notice of the spill.

## II.    Constructive Notice

Though plaintiff is unable to establish defendant had actual notice of the spill, she may nevertheless establish a prima facie case if she is able to raise a triable issue of fact as to defendant's constructive notice of the spill. *Borley v. United States*, 22 F.4th 75, 79 (2d Cir. 2021). To establish constructive notice under New York law, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *McCoy v. TJX Companies, Inc.*, No. 23-cv-01159, 2024 WL 4212194, at *1 (2d Cir. Sept. 17, 2024). The parties agree that the spill was visible and apparent. Reply 4. Accordingly, the Court addresses the parties' remaining argument concerning whether the spill existed for a sufficient length of time prior to the accident to permit defendant the opportunity to discover and remedy it.

### A.  Existence for a Sufficient Length of Time

At the summary judgment stage, a plaintiff must "present evidence of the length of time the condition existed prior to the alleged fall." *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992). Here, the video footage is clear that the spill was in existence for 13 minutes. *See* 56.1 Resp. ¶ 33. Defendant argues that 13 minutes is

"insufficient as a matter of law" to permit its employees to discover and remedy the spill. Mot. 15–25; Reply 4–5. Plaintiff contends that the matter is for the jury to decide whether 13 minutes is sufficient given the surrounding circumstances. Opp'n 18–20. Drawing all reasonable inferences in plaintiff's favor, the Court finds plaintiff raises a triable issue as to whether 13 minutes was enough time to put defendant on constructive notice of the spill.

Defendant relies on three sets of cases to ask this Court to find 13 minutes is insufficient as a matter of law. *See* Mot. 17–22. All three sets are unhelpful to its argument. First, defendant points to cases where the defendant's employees performed an inspection of the accident area close in time to the accident. *See* Mot. 17–18. For example, defendant cites *McFee v. BJs Wholesale Club, Inc.*, in which the defendant there showed its employees conducted an inspection of the premises 20 minutes prior to the accident and argued that length of time was insufficient to establish constructive notice. No. 21-cv-03087, 2025 WL 2442837, at *15 (E.D.N.Y. Aug. 25, 2025). The district court found the plaintiff failed to offer "any evidence suggesting how long the condition had existed prior to her fall" or that the spill was visible and apparent, and therefore, did not raise a triable issue that the defendant had constructive notice. *Id*. at *17. Here, there is no dispute that the hazard was visible and apparent, and more importantly, the evidence establishes the spill was present for 13 minutes before plaintiff's fall.

The second set are those cases where the injured plaintiff traversed the accident site shortly before the accident and without incident. Mot. 18–20. These cases are inapposite because nothing in the record shows that plaintiff walked across the aisle without incident. Thus, there is no reason to assume that she could have already noticed

the "condition that caused [her] to slip." Mot. 20 (quoting *Hagan v. City of New York*, 87 N.Y.S.3d 325, 327 (2d Dep't 2018)).

The final set of cases are those where the defendant pointed to evidence that it conducted inspections of the accident site regularly. Mot. 19, 22; *see Dallis v. Hilton Worldwide Holdings, Inc.*, No. 16-cv-05442, 2018 WL 1027436, at *2 (S.D.N.Y. Feb. 20, 2018) (observing that defendant's employee "would check the floor of the elevator lobby every 20 minutes or so"); *Santora v. Golub Corp.*, 664 N.Y.S.2d 499, 500 (3d Dep't 1997) ("Defendant's snack bar manager testified that on the date of the accident she inspected the floor in the snack bar every half hour."). Again, there is no such evidence here showing that defendant inspected the area close in time to the accident. Notably, in every case cited by defendant to argue that 13 minutes is insufficient, the plaintiffs lacked specific evidence of the length of time the spill was present. *See also Touri v. Zhagui*, No. 06-cv-00776, 2010 WL 779335, at *4 (S.D.N.Y. Mar. 5, 2010) ("Each of these cases—involving a slip and fall scenario caused by a foreign substance on the floor of a store or supermarket—also makes clear, however, that if a plaintiff offers any proof as to how long the substance had been on the floor prior to his or her fall, the court would not grant summary judgment in favor of the defendant."). That problem is not present here, however, where video evidence shows that the spill was present for 13 minutes. 56.1 Resp. ¶ 33.

A reasonable juror could find that the spill present for 13 minutes "combined with other evidence" was long enough to put defendant on constructive notice. *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02-cv-04196, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003). *See Peters v. Whole Foods Mkt. Grp., Inc.*, 801 F. Supp. 3d 209, 215–16 (S.D.N.Y. 2025) (holding a reasonable jury could determine that the slippery condition that existed for 13 minutes was long enough to give the defendant constructive notice because another

11

customer slipped on the slippery condition, and "particularly because, during that period, [the defendant's] employee was working at the [subject location]"); *Alexander v. Marriott Int'l Inc.*, No. 01-cv-01124, 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (finding approximately 20 minutes between when the puddle was first observed and when plaintiff fell was sufficient to raise a triable issue as to constructive notice); *Munoz v. Uptown Paradise T.P. LLC*, 890 N.Y.S.2d 829, 829 (1st Dep't 2010) ("There are also triable issues of fact as to whether defendant had sufficient notice to remedy the hazardous condition, given that the water was on the floor for at least 15 minutes and several employees were working in the area of the spill."); *Kelsey v. Port Auth. of New York and New Jersey*, 383 N.Y.S.2d 347, 347 (1st Dep't 1976) (finding constructive notice where the plaintiff testified that the condition existed for at least 15 to 20 minutes and that employees were in the immediate area)*; see also Cuello v. Target Corp.*, No. 22-cv-02013, 2023 WL 4763234, at *5 (S.D.N.Y. July 26, 2023) (observing that "New York case law is scattered . . . on how long the dangerous condition must have gone unnoticed" to constitute constructive notice and collecting several cases finding between five to 20 minutes sufficient to give rise to constructive notice).

In addition to the length of time the condition was present, plaintiff has presented "other evidence" to raise a question of fact as to whether defendant had constructive notice. Plaintiff argues that in the 13 minutes before the accident defendant's employees could have discovered the hazardous condition in three separate ways. First, plaintiff contends, given the location of the accident was close to and visible from the cash registers, where Target employees are stationed, defendant should have seen the spill. Opp'n 18. Second, plaintiff argues that the "check-out lane with registers . . . was monitored by manned cameras" and should have revealed a dangerous condition was

present, especially since customers were seen evading the spill. Opp'n 19. Third, plaintiff alleges that the employee working in the maternity section near the spill could have seen the subject spill. 56.1 Resp. ¶ 44. Defendant contends plaintiff has failed to meet her burden because "no Target employee was within the subject aisle or in view of the subject spill." Reply 6–10.

Plaintiff raises a triable issue of fact about whether, given the accident location and its proximity to Target employees, defendant had constructive notice of the spill. The accident took place in the main aisle of the store, a fact the parties do not dispute. Cash registers are located perpendicular to the main aisle where the spill occurred. *See* Reply 6; Crawford Decl. Ex. 2 ("Store Map"), ECF No. 45-3. This main aisle also serves as the checkout lane, Reply 6; Levine Decl., Ex. C ("Incident Report") at 2, ECF 43-4, and as video footage shows, is heavily traversed by customers, *see, e.g.*, Levine Decl. Ex. F (Video Footage of Subject Incident, hereinafter "Video") 9:40:25-33 p.m., 9:42:54–9:43:24 p.m. Video footage additionally shows that in the intervening 13 minutes, four other customers saw the spill and walked around it. Video 9:40:25–9:41:50 p.m. One customer accompanied by a child is seen walking down the main aisle with his shopping cart, and when he approaches the spill, he backs up and maneuvers his cart around the spill. Video 9:39:21-34 p.m. Defendant is correct that the record does not indicate the approximate distance between the accident area and the cash registers or that employees were stationed at the cash registers. *See* Reply 6. Nevertheless, a reasonable juror could find that in light of the spill being in a highly trafficked area, and given the fact that other customers had to maneuver around the spill, defendant's employees had constructive notice that there was a spill or a substance on the floor.

Further, plaintiff has put forward evidence that Target security personnel were near the spill. Opp'n 19. Specifically, Carlos Valdez, who worked security at the time of plaintiff's accident, was the first to respond to the accident. Guest Incident Report at 3. Valdez testified that he was stationed at the security podium, close to guest services, approximately 100 feet from the spill. 56.1 Resp. ¶ 54. Valdez also testified that Target operated approximately 50 security cameras in the store. 56.1 Resp. ¶ 53. Defendant contends that it is implausible that Valdez, while standing at a security podium 100 feet away could "directly observe" the spill or that any employee was "actively" watching security cameras. Reply 8. Defendant's argument misconstrues the standard for constructive notice with actual notice. Evidence that a defendant "directly" and "actively" observed the spill is not necessary on a theory of constructive notice. Instead, a plaintiff may prevail if she adduces evidence of "the circumstances surrounding the injury and condition of the premises" to raise an inference that a defendant had constructive notice. *Kirbaran v. Target Corp.*, 720 F. Supp. 3d 267, 274 (S.D.N.Y. 2024), *aff'd*, No. 24-715, 2025 WL 973050 (2d Cir. Apr. 1, 2025) (summary order) ("Where there is no direct evidence of notice, constructive notice may be inferred based on the circumstances surrounding the injury and the condition of the premises."). Plaintiff has done so here.

Moreover, the presence of a Target employee working in the maternity section near the location of the spill further supports that a reasonable jury could find that Target had constructive notice of the spill. Video footage also shows that around the time the spill was created a Target employee was working in the maternity department, though away from the aisle. Notably, this employee moved close to the aisle by the time a customer maneuvered around the spill. A reasonable juror could find that given the presence of the employee working in the department adjacent to the spill, and the customer who

14

maneuvered around the spill, 13 minutes was long enough to put defendant on constructive notice. *See Rose v. Da Ecib USA*, 686 N.Y.S.2d 19, 21 (1st Dep't 1999) ("Constructive notice has been inferred where there is evidence that defendant's employees were in the immediate vicinity of the dangerous condition and could easily have noticed and removed it.").

In light of the spill being visible and apparent for 13 minutes, the location of the spill in the main checkout aisle of the store, customers who took steps to avoid the spill, and various employees in the vicinity of the spill, a reasonable juror could find that defendant had constructive notice of the spill that caused plaintiff's accident.[7]

---

[7] In her Opposition, plaintiff also argues Target failed to establish it lacked constructive notice because the record is lacking in any evidence of defendant's inspection practices. Opp'n 16, 19. Federal courts differ on "whether a failure to inspect is a means for establishing constructive notice or a separate obligation that displaces the need for notice." *Cuello*, 2023 WL 4763234, at *8 n.7. Contrary to plaintiff's contention, the burden is on a plaintiff alleging a defendant failed to conduct adequate inspections of the area to offer evidence "that a reasonable inspection would have revealed the [dangerous] condition." *Wilson v. Wal-Mart Stores E., LP*, No. 16-cv-08637, 2018 WL 4473342, at *8 (S.D.N.Y. Sept. 18, 2018). Here, a reasonable juror could find that given defendant's heightened duty to inspect, the presence of employees nearby, and that employees are trained to "look for dangerous conditions," 56.1 Resp. ¶ 46; *see* Ng Dep. Tr. 26:22–27:04, Target failed to exercise reasonable care in looking for dangerous conditions in the 13 minutes while the spill was, as Target concedes, visible and apparent. Reply 4; *see Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 321 (E.D.N.Y. 2014) ("In this case, there is no dispute that, as the operator of a public facility, Target had and was aware of a heightened duty to inspect for and eliminate potential hazards to the public on its premises."). Video footage shows an employee working in the maternity section in the 13 minutes prior to the accident, and several customers are seen maneuvering around the spill. "Based on that footage, a jury could conclusively find the absence of any inspection whatsoever" of the main aisle during the 13 minutes. *Cuello*, 2023 WL 4763234, at *9.

15

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment on plaintiff's negligence claim is **DENIED**.

In accordance with the Court's Individual Practice Rule IV.A., the parties shall file a proposed joint pretrial order on or before June 22, 2026.

**SO ORDERED.**


                _/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge


Dated:       May 22, 2026
               Brooklyn, New York